**1522-CC09946**

Electronically Filed - City of St. Louis - June 19, 2015 - 01:46 PM

## IN THE MISSOURI CIRCUIT COURT
## FOR THE TWENTY-SECOND JUDICIAL CIRCUIT
## CITY OF ST. LOUIS

| | | |
|---|---|---|
| **CONNECTOR CASTINGS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **MASTERMAN'S LLP d/b/a** | ) | |
| **MASTERMAN'S,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Serve: | ) | |
| Linda Masterman, Partner or | ) | |
| Benson Masterman, Reg. Agent | ) | |
| 11 C Street #10 | ) | |
| Auburn, MA 01501 | ) | |
| | ) | |
| LISA MARIE NORKAITIS, | ) | |
| | ) | |
| Serve at: | ) | |
| Masterman's | ) | |
| 11 C Street #10 | ) | |
| Auburn, MA 01501 | ) | |
| or | ) | |
| 32 Clark St. | ) | |
| Spencer, MA 01562-2355 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

### CLASS ACTION JUNK-FAX PETITION

Plaintiff Connector Castings, Inc., brings this junk-fax class action, on behalf of itself and all others similarly situated, against Defendants Masterman's LLP d/b/a Masterman's, Lisa Marie Norkaitis, and John Does 1-10 under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax

**EXHIBIT 1**

Electronically Filed - City of St. Louis - June 19, 2015 - 01:46 PM

Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (individually and collectively hereafter, "TCPA").

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Connector Castings, Inc., is a Missouri corporation with its principal place of business in St. Louis City, Missouri.

2.     Defendant Masterman's LLP d/b/a Masterman's (Masterman's) is a limited liability partnership with its principal place of business in the Commonwealth of Massachusetts.

3.     Masterman's is not registered with the Missouri Secretary of State to transact business in Missouri.

4.     Masterman's transacts business in Missouri and markets and sells a    Missouri    Labor    Law    poster,    Item    Code    SIG-LLP-MO. http://www.mastermans.com/default.aspx?page=item+detail&itemcode=SIG-LLP-MO (last visited June 18, 2015).

5.     Defendant Lisa Marie Norkaitis is an individual who resides in the Commonwealth of Massachusetts.

6.     John Does 1-10 are not presently known and will be identified through discovery.

7.     This Court has personal jurisdiction over Defendants under 47 U.S.C. § 227(b)(3), because Defendants sent at least one illegal fax into Missouri, Defendants transact business within this state, Defendants have made contracts within this state, Defendants have committed tortious acts within this state,

Electronically Filed - City of St. Louis - June 19, 2015 - 01:46 PM

including conversion of fax recipients' paper, ink, and toner, and/or Defendants otherwise have sufficient minimum contacts with this state.

8.      Venue is proper under Missouri Revised Statutes § 508.010.2(4).

## THE FAX

9.      On May 8, 2015, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 421-5433 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 1** (Fax), and small copy of which is pasted below.

To:  From: Masterman's (800-525-3313)     05/08/2015  12:22PM

**Masterman's** Since 1967
Industrial and Safety Supplies Since 1961
11 C Street, Auburn, MA 01501
www.mastermans.com

**Automated Order Form**
P: 800.525.3313
F: 800.525.0396

To: Robert Dees (136915)
    Connector Castings (69162)
    2119 Mullanphy Street
    Saint Louis, MO 63106

From:  Lisa Norkaitis
       lnorkaitis@mastermans.com

Shipping Address (if different):
_____
_____
_____

PO #:_____

For your convenience, we are faxing our automated order form with the last 20 items that you have purchased from us. Please fill out the desired order quantities, include your PO Number and **FAX** this form back to us at **800-525-0396**. We will take care of the rest.

The prices shown on this order form reflect your <u>last paid price</u>. If there has been a change in your pricing (manufacturer increases etc.), we will contact you prior to processing your order. Thank you for the order. We appreciate your business.

| Item Code | Description | Last Price | Order Qty? |
|---|---|---|---|
| TBM-PT2-6070 | Liners 1.7ml 55gal 39inx56in SLV | $37.44  CS | |
| SIG-N166PB | Sign 10x14 PS No Smoking | $4.49  EA | |
| SIG-LLP-MO | Poster Missouri Labor Law 39inx27in | $49.00  EA | |
| SIG-LLP-TN | Poster Tennessee Labor Law 39inx27in | $49.00  EA | |
| XWH-SPRAY-32 | Spray Bottle 32oz Multi-Purpose | $2.15  EA | |
| RUB-6357 | 60in BLK Self Locking Wood Handle | $6.15  EA | |
| RUB-9B17 | 24in Heavy Duty Floor Sweep Maroon | $12.50  EA | |
| SIG-CUSTOMSIGN | Sign Custom | $14.96  EA | |
| SIG-N24RB | Sign 10x14 RP Empty Cylinders | $7.73  EA | |
| SIG-N49RB | Sign 10x14 RP Cylinders Must Be | $7.73  EA | |
| SIG-TM59G | Sign 18x12 AL Private Property No | $16.25  EA | |
| RUB-2956BK | BLK MD Rectangular Wastebasket | $3.01  EA | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**What else can we help you with today?** If you do not see an item listed, feel free to write in the Item Code on one of the blank lines provided and a Sales Representative will contact you.

☐     If you no longer wish to receive Automated Order Forms, please check this box and **fax the entire sheet back to us at 800-475-1911** and we will promptly remove you from our list.  Thank you.     5/8/2015 12:19 PM

Ex. 1

3

Electronically Filed - City of St. Louis - June 19, 2015 - 01:46 PM

10.     Pleading in the alternative to the allegation that Defendants sent the Fax, the Fax was sent on behalf of Defendants.

11.     The Fax indicated it was from Norkaitis and included her email address.

12.     The sender's phone number automatically generated atop of the Fax indicated that the fax came from (800-525-3313), which is Masterman's telephone number.

13.     Plaintiff received the Fax and other similar faxes through Plaintiff's facsimile machine.

14.     The Fax used trickery intended to make Plaintiff falsely believe that it had previously ordered from Masterman's the items listed on the Fax, including a Missouri labor law poster; however, on information and belief, Plaintiff had never purchased those items from Masterman's.

15.     The Fax constitutes material advertising quality or commercial availability of any property, goods, or services.

16.     Defendants have sent other substantially similar facsimile transmissions of material advertising the quality or commercial availability of property, goods, or services to Plaintiff and, on information and belief, to at least 40 other persons as part of a plan to broadcast fax advertisements, of which the Fax is an example, or, alternatively, the Fax was sent on behalf of Defendants.

17.     Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c)

Electronically Filed - City of St. Louis - June 19, 2015 - 01:46 PM

creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

18.     Defendants had a high degree of involvement in, actual notice of, and/or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

19.     Defendants created, made, and/or ratified the sending of the Fax and other similar or identical facsimile advertisements, which Defendants sent to Plaintiff and to other members of the "Class" as defined below.

20.     The Fax, and the other similar or identical facsimile advertisements, sent by and/or on behalf of Defendants, is part of Defendants' work or operations to market Defendants' products, goods, or services.

21.     The Fax and the other facsimile advertisements constitute material furnished in connection with Defendants' work or operations.

22.     The Fax sent to Plaintiff, and the other facsimile advertisements sent by Defendants, lacked a notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

23.     The Fax and Defendants' similar facsimile advertisements lacked a notice stating that the recipient may make a request to the sender of the advertisement not to send future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting 47 C.F.R. § 64.1200(a)(4)(v)'s requirements is unlawful.

Electronically Filed - City of St. Louis - June 19, 2015 - 01:46 PM

24.     The transmissions of facsimile advertisements, including the Fax, to Plaintiff, lacked a notice that complied with 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

25.     On information and belief, Defendants faxed the same or other substantially similar facsimile advertisements to the members of the Class in Missouri and throughout the United States.

26.     There is no reasonable means for Plaintiff or other Class members to avoid receiving unlawful faxes while continuing to receive lawful faxes.

27.     Defendants violated the TCPA by transmitting the Fax to Plaintiff and to the Class members by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4).

28.     Defendants knew or should have known that (a) facsimile advertisements, including the Fax, were advertisements and (b) Defendants' facsimile advertisements did not display a proper opt-out notice.

29.     Defendants failed to determine correctly the legal restrictions on the use of facsimile transmissions and the application of those restrictions to facsimile advertisements, including the Fax, both to Plaintiff and the Class.

30.     Pleading in the alternative to the allegations that Defendants knowingly violated the TCPA, Plaintiff alleges that Defendants did not intend to send transmissions of facsimile advertisements, including the Fax, to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such

Electronically Filed - City of St. Louis - June 19, 2015 - 01:46 PM

transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

31.     The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused unwanted use and destruction of their property, including toner or ink and paper, and caused undesired wear on hardware, interfered with the recipients' exclusive use of their property, and interfered with their business and/or personal communications and privacy interests.

## CLASS ACTION ALLEGATIONS

32.     Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "Class":

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants, (3) which (a) did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines <u>and</u> that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful, or (b) lacked a telephone number for sending the opt-out request.

33.     Excluded from the Class are Defendants, their employees, agents, and members of the judiciary.

34.     This case is appropriate as a class action because:

Electronically Filed - City of St. Louis - June 19, 2015 - 01:46 PM

a.      Numerosity.  On information and belief, based in part on review of the sophisticated Fax and online research, the Class includes at least 40 persons and is so numerous that joinder of all members is impracticable.

b.      Commonality.  Questions of fact or law common to the Class predominate over questions affecting only individual Class members, e.g.:

    i.      Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

    ii.     Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the commercial availability of any property, goods or services;

    iii.    Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the quality of any property, goods or services;

    iv.     The manner and method Defendants used to compile or obtain the list of fax numbers to which Defendants sent the Fax and other unsolicited faxed advertisements;

    v.      Whether Defendants violated 47 U.S.C. § 227;

    vi.     Whether Defendants willingly or knowingly violated 47 U.S.C. § 227;

    vii.    Whether Defendants violated 47 C.F.R. § 64.1200;

    viii.   Whether the Fax, and the other fax advertisements sent by or on behalf of Defendants, displayed the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

    ix.     Whether the Court should award statutory damages;

    x.      Whether the Court should award treble damages; and

    xi.     Whether the Court should enjoin Defendants from sending TCPA-violating facsimile advertisements in the future.

c.      Typicality.  Plaintiff's claim is typical of the other Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendants to the Class, and Plaintiff is making the same claim and seeking the same relief for itself and all Class members based on the same statute and regulation.

Electronically Filed - City of St. Louis - June 19, 2015 - 01:46 PM

d.   <u>Adequacy.</u>  Plaintiff will fairly and adequately protect the interests of the other Class members.  Plaintiff's counsel are experienced in class actions and TCPA claims.  Neither Plaintiff nor Plaintiff's counsel has interests adverse or in conflict with the absent Class members.

e.   <u>Superiority.</u>  A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

35.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1).

36.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

37.    The TCPA provides:

Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

Electronically Filed - City of St. Louis - June 19, 2015 - 01:46 PM

(C)     Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

38.     The TCPA also provides that that Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

39.     "A facsimile broadcaster will be liable for violations of [Section 64.1200(a)(4)]. . . , including the inclusion of opt-out notices on unsolicited advertisements, if it demonstrates a high degree of involvement in, or actual notice of, the unlawful activity and fails to take steps to prevent such facsimile transmissions."  47 C.F.R. § 64.1200(a)(4)(vii).

40.     Because the TCPA is a strict liability statute; Defendants are liable to Plaintiff and the Class even if Defendants only acted negligently.

41.     Defendants' actions caused damage to Plaintiff and the Class, as

a.     receiving Defendants' faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendants' faxes;

b.     Defendants' actions interfered with the recipients' use of the recipients' fax machines and telephone lines;

c.     Defendants' faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on  business activities; and

d.     Defendants' faxes unlawfully interrupted the recipients' privacy interests in being left alone.

Electronically Filed - City of St. Louis - June 19, 2015 - 01:46 PM

42.     Defendants intended to cause damage to Plaintiff and the Class, to violate their privacy, to interfere with the recipients' fax machines, or to consume the recipients' valuable time with Defendants' advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

43.     Defendants knew or should have known that (a) the Fax and the other facsimile advertisements were advertisements and (b) the Fax and their other facsimile advertisements did not display the proper opt-out notice.

44.     Defendants violated the TCPA by transmitting the Fax to Plaintiff and substantially similar facsimile advertisements to the other Class members by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against all Defendants, jointly and severally, as follows:

a.     certify this action as a class action and appoint Plaintiff as Class representative;

b.     appoint the undersigned counsel as Class counsel;

c.     award damages of $500 per facsimile sent to Plaintiff and to the Class pursuant to 47 U.S.C. § 227(a)(3)(B);

d.     award treble damages up to $1,500 per facsimile pursuant to 47 U.S.C. § 227(a)(3);

e.     enjoin Defendants and their contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);

f.     award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;

g.     award Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors;

Electronically Filed - City of St. Louis - June 19, 2015 - 01:46 PM

h.       award Plaintiff prejudgment interest and costs; and

i.       grant Plaintiff all other relief deemed just and proper.

SCHULTZ & ASSOCIATES LLP


By:   /s/ Ronald J. Eisenberg
        Ronald J. Eisenberg, #48674
        Robert Schultz, #35329
        640 Cepi Drive, Suite A
        Chesterfield, MO 63005-1221
        (636) 537-4645
        Fax: (636) 537-2599
        reisenberg@sl-lawyers.com
        rschultz@sl-lawyers.com

        *Attorneys for Plaintiff*

Case: 4:15-cv-01154-JAR   Doc. #: 1-1   Filed: 07/28/15   Page: 13 of 28 PageID #: 25

**1522-CC09946**

Electronically Filed - City of St. Louis - June 19, 2015 - 01:46 PM



**Masterman's**
Since 1961
SAFETY AND INDUSTRIAL SUPPLIES

**Industrial and Safety Supplies Since 1961**
11 C Street, Auburn, MA 01501
www.mastermans.com

| **Automated Order Form** |
| --- |
| P:  800.525.3313 |
| F:  800.525.0396 |

**To:**  **Robert Dees** (136915)
Connector Castings (69162)
2119 Mullanphy Street
Saint Louis, MO 63106

**From:**  Lisa Norkaitis
lnorkaitis@mastermans.com

**Shipping Address (if different):**

_____

_____

_____

**PO #:**_____

For your convenience, we are faxing our automated order form with the last 20 items that you have purchased from us. Please fill out the desired order quantities, include your PO Number and **FAX** this form back to us at **800-525-0396**. We will take care of the rest.

**The prices shown on this order form reflect your** last paid price. **If there has been a change in your pricing (manufacturer increases etc.), we will contact you prior to processing your order. Thank you for the order.  We appreciate your business.**

| Item Code | Description | Last Price | Order Qty? |
| --- | --- | --- | --- |
| TBM-PT2-6070 | Liners 1.7mil 55gal 39inx56in SLV | $37.44  CS | |
| SIG-N166PB | Sign 10x14 PS No Smoking | $4.49  EA | |
| SIG-LLP-MO | Poster Missouri Labor Law 39inx27in | $49.00  EA | |
| SIG-LLP-TN | Poster Tennessee Labor Law 39inx27in | $49.00  EA | |
| XWH-SPRAY-32 | Spray Bottle 32oz Multi-Purpose | $2.15  EA | |
| RUB-6357 | 60in BLK Self Locking Wood Handle | $6.15  EA | |
| RUB-9B17 | 24in Heavy Duty Floor Sweep Maroon | $12.50  EA | |
| SIG-CUSTOMSIGN | Sign Custom | $14.96  EA | |
| SIG-N24RB | Sign 10x14 RP Empty Cylinders | $7.73  EA | |
| SIG-N49RB | Sign 10x14 RP Cylinders Must Be | $7.73  EA | |
| SIG-TM59G | Sign 18x12 AL Private Property No | $16.25 EA | |
| RUB-2956BK | BLK MD Rectangular Wastebasket | $3.01 EA | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**What else can we help you with today?** If you do not see an item listed, feel free to write in the Item Code on one of the blank lines provided and a Sales Representative will contact you.

☐   If you no longer wish to receive Automated Order Forms, please check this box and **fax the entire sheet back to us at 800-475-1911** and we will promptly remove you from our list.  Thank you.   5/8/2015 12:19 PM

**Ex. 1**

**1522-CC09946**

Electronically Filed - City of St. Louis - June 19, 2015 - 01:46 PM

**IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-SECOND JUDICIAL CIRCUIT
CITY OF ST. LOUIS**

| | | |
|---|---|---|
| **CONNECTOR CASTINGS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **MASTERMAN'S LLP d/b/a** | ) | |
| **MASTERMAN'S, LISA MARIE** | ) | |
| **NORKAITIS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>PLAINTIFF'S MOTION FOR CLASS CERTIFICATION</u>

Plaintiff Connector Castings, Inc., requests, under Missouri Supreme Court Rule 52.08, that this Court certify as a class action its case against Defendants for violation of the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (individually and collectively hereafter, "TCPA").

This case involves annoying unwanted junk faxes.  Plaintiff seeks certification for the following Class of similarly situated persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants, (3) which (a) did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines <u>and</u> that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful, or (b) lacked a telephone number for sending the opt-out request.

1

Electronically Filed - City of St. Louis - June 19, 2015 - 01:46 PM

Plaintiff further requests that the Court appoint Plaintiff as the class representative and Schultz & Associates LLP as class counsel.  In further support of this motion, Plaintiff states as follows:

1.      This action seeks class-wide redress for violations of the TCPA because Defendants sent TCPA-violating junk faxes to Plaintiff.  "Class certification is normal in litigation under §227, because the main questions, such as whether a given fax is an advertisement, are common to all recipients."  *Ira Holtzman, C.P.A., & Assocs. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013).

2.      Plaintiff is filing this motion at this time to avoid any attempt by Defendants to "pick off" Plaintiff through an offer of judgment or individual settlement offer, as suggested by some court decisions.  *See, e.g.*, *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011); Mo. S. Ct. R. 77.04 (offer of judgment); *Sandusky Wellness Ctr. LLC v. Co. v. Medtox Scientific*, No. 12-2066, 2015 U.S. Dist. LEXIS 9113, at **4-6 (D. Minn. Jan. 27, 2015) (granting summary judgment in TCPA case because settlement offer mooted claims); *Goans Acquisition, Inc. v. Merchant Solutions, LLC*, 2013 WL 5408460, at **6-7 (W.D. Mo. Sept. 26, 2013) (granting dismissal of putative class action after defendant's offer of judgment).  *But see Alpern v. UtiliCorp. United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996) ("Judgment should be entered against a putative class representative on a defendant's offer of payment only where class certification has been properly denied and the offer satisfies the representative's entire demand for injuries and cost of the suit."); *Prater v. Medicredit, Inc.*, 301 F.R.D. 398, 400 (E.D. Mo. 2014). Magistrate Judge Terry Adelman of the United States District Court for the Eastern District of Missouri rejected a pick-off attempt, but cautioned that "in future cases, putative class action plaintiffs would be wise to immediately file such motions [for class

2

Electronically Filed - City of St. Louis - June 19, 2015 - 01:46 PM

certification] to protect the class from similar motions to dismiss based on offers of judgment." *March v. Medicredit, Inc.*, No. 4:13CV1210 TIA, 2013 U.S. Dist. LEXIS 171126, at **10-11 (E.D. Mo. Dec. 4, 2013).  Plaintiff heeded such advice.  Although Plaintiff has not yet had an opportunity to conduct discovery, Plaintiff intends to do so and to file an amended or supplemental motion for class certification thereafter.  Therefore, Plaintiff requests that the Court stay ruling on this motion and that the Court allow Plaintiff to amend or supplement.

3.     All prerequisites of Rule 52.08 for class certification have been met.

4.     <u>Numerosity</u>.  Given the nature of the Fax identified in the Class Action Petition, which appears to be a form document, it is apparent that Defendants did not create the sophisticated Fax solely to send it to Plaintiff but rather used it as part of their much broader advertising campaign.  Plaintiff alleged that, on information and belief, Defendants sent the same or other substantially similar unsolicited facsimiles without the required opt-out language, from 47 C.F.R. § 64.1200(a)(4), to more than forty other persons or entities and that joinder of all Class members is impracticable.  "Class certifications have been upheld where the class is composed of 100 or even less." *Dale v. DaimlerChrysler Corp.*, 204 S.W.3d 151, 168 (Mo. Ct. App. W.D. 2006) (citing cases in which 18, 19, 25, 51, 72, 92 class members were sufficient).  Numerosity is satisfied and joinder is impracticable given the large number of class members. *See* Mo. S. Ct. R. 52.08(a)(1).

5.     <u>Commonality and Predominance</u>:  There is a well-defined commonality of interest and common questions of law and fact that predominate over any questions affecting individual members of the Class, including, but not limited to, the following:

a.     Whether Defendants sent unsolicited facsimile advertisements;

Electronically Filed - City of St. Louis - June 19, 2015 - 01:46 PM

b.  Whether the facsimiles Defendants sent advertised the commercial availability or quality of any property, goods, or services;

c.  Whether the facsimiles Defendants sent contained a TCPA-compliant "opt-out notice";

d.  The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent the Fax and other unsolicited facsimile advertisements;

e.  Whether Defendants violated the TCPA;

f.  Whether Defendants should be enjoined from sending TCPA-violating facsimile advertisements in the future;

g.  Whether Plaintiff and the Class are entitled to statutory damages; and

h.  Whether the Court should award treble damages for Defendants' knowing and willful violations of the TCPA.

The class definition ensures that the Class members have identical claims, both factually and legally, and that there are common defenses available to Defendants for each Class member.  *See* Mo. S. Ct. R. 52.08(a)(2).

6.  <u>Typicality</u>:  Plaintiff's claims are typical of the Class in that Plaintiff and the Class all suffered damages as a direct and proximate result of the same wrongful practices and conduct of Defendants.  Plaintiff's claims are based upon the same legal theories, statutes, and regulations as the Class members' claims.

7.  <u>Adequacy</u>:  Plaintiff will fully and adequately protect the interests of the members of the Class, does not have interests which are contrary to, or conflicting with, those interests for the Class, and has retained experienced and qualified counsel. Plaintiff has been actively engaged in assisting its counsel with the case and Plaintiff's

Electronically Filed - City of St. Louis - June 19, 2015 - 01:46 PM

counsel have filed at least twenty-five class action lawsuits since January 2012, settled many of them, successfully defended class actions, and argued class actions before the Missouri Supreme Court and the Eighth Circuit Court of Appeals. *See, e.g.*, *Golan v. Veritas Entm't, LLC*, No. 14-2484, 2015 U.S. App. LEXIS 9489 (8th Cir. June 8, 2015) (obtained reversal of dismissal of TCPA class action seeking $2 billion to $6 billion in damages for 4 million illegal telephone calls); *Nickell v. Shanahan*, 439 S.W.3d 223 (Mo. banc 2014) (successfully defended); *Hargis v. JLB Corp.*, 357 S.W.3d 574 (Mo. banc 2011) (successfully defended); *Suzanne Degnen, D.M.D., P.C. v. United Bankcard, Inc.*, No. 4:13-cv-00567-CEJ (E.D. MO. 2013) (settled on class-wide basis); *Suzanne Degnen, D.M.D., P.C. v. Entrust Cos. LLC*, No. 12SL-CC04715 (St. Louis County Cir. Ct.) (settled on class-wide basis).  Plaintiff's counsel have achieved Martindale-Hubbell® Peer Review Ratings™ of AV® Preeminent™.

8.  Superiority:  A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically impracticable for members of the Class to prosecute individual actions, the Class is readily definable, prosecution as a class action will eliminate the possibility of repetitious and redundant litigation, prosecution as a class action will eliminate the possibility of inconsistent rulings, and a class action will enable the claims to be handled in an orderly expeditious manner.

9.  Class certification is appropriate, because prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications as to individual members of the class, which would establish incompatible standards of conduct required of Defendants.

Electronically Filed - City of St. Louis - June 19, 2015 - 01:46 PM

10.    Class certification is appropriate, because Defendants have acted on grounds generally applicable to the Class, by sending similar faxes, and refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

11.    A class action is an appropriate and a superior method for the fair and efficient adjudication of the controversy insofar as common questions of law and/or fact predominate over any individual questions which may arise, and there would be significant savings to the Class and to Defendants in litigating common issues on a class-wide basis.

12.    No unusual difficulties are likely to be encountered in the management of the case on a class basis.

WHEREFORE, Plaintiff requests that this Court certify this case as a class action as to the Class defined herein, appoint Plaintiff as class representative, appoint Ronald J. Eisenberg and Robert Schultz of Schultz & Associates LLP as class counsel, stay further certification briefing, and grant Plaintiff any additional relief deemed proper.

SCHULTZ & ASSOCIATES LLP

By:  /s/ Ronald J. Eisenberg
        Ronald J. Eisenberg, #48674
        Robert Schultz, #35329
        640 Cepi Drive, Suite A
        Chesterfield, MO 63005-1221
        (636) 537-4645
        Fax: (636) 537-2599
        reisenberg@sl-lawyers.com
        rschultz@sl-lawyers.com

        *Attorneys for Plaintiff*

Electronically Filed - City of St. Louis - June 19, 2015 - 01:46 PM

**CERTIFICATE OF SERVICE**

     The above-signed certifies that this motion was filed through the eFiling system on June 19, 2015.



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BRYAN L HETTENBACH | Case Number:  1522-CC09946 |
| Plaintiff/Petitioner:<br> CONNECTOR CASTING, INC.<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>STE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br> MASTERMANS LLP | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   MASTERMANS LLP
            Alias:   DBA MASTERMANS
C/O LINDA MASTERMAN PARTNER OR
RAGT BENSON MASTERMAN
11 C STREET # 10
AUBURN, MA  01501

*COURT SEAL OF*

*CITY OF ST LOUIS*

        You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

                **June 22, 2015**
                    Date

                                    *Thomas Kloeppinger*
                                    Thomas Kloeppinger
                                    Circuit Clerk

            Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
      _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
      _____ (name) _____ (title).
   ☐ other (describe) _____
      _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

            **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
            I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                          ☐ the judge of the court of which affiant is an officer.
                          ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                             (use for out-of-state officer)
   *(Seal)*              ☐ authorized to administer oaths.  (use for court-appointed server)

                                    _____
                                    Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BRYAN L HETTENBACH | Case Number:  1522-CC09946 |
| Plaintiff's/Petitioner:<br>CONNECTOR CASTING, INC.<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>STE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>MASTERMANS LLP | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  LISA MARIE NORKAITIS
Alias:

11 C STREET #10
AUBURN, MA  01501

32 CLARK STREET
SPENCER, MA  01562-2355

**COURT SEAL OF**

**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**June 22, 2015**
Date

_Thomas Kloeppinger_
Thomas Kloeppinger
Circuit Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
   _____ (name) _____ (title).
   ☐ other (describe) _____
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
   ☐ the judge of the court of which affiant is an officer.
   ☐ authorized to administer oaths in the state in which the affiant served the above summons.
      (use for out-of-state officer)
   ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| | |
|---|---|
| **Service Fees, if applicable** | |
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

*Electronically Filed - City of St. Louis - July 10, 2015 - 05:46 PM*



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BRYAN L HETTENBACH | Case Number:  1522-CC09946 |
| Plaintiff/Petitioner:<br>CONNECTOR CASTING, INC.<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>STE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>MASTERMANS LLP<br>Nature of Suit:<br>CC Other Miscellaneous Actions | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101<br><br>(Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  MASTERMANS LLP
Alias:  DBA MASTERMANS

C/O LINDA MASTERMAN PARTNER OR
RAGT BENSON MASTERMAN
11 C STREET # 10
AUBURN, MA  01501

**COURT SEAL OF**

**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**June 22, 2015**
Date

*Thomas Kloeppinger*
Thomas Kloeppinger
Circuit Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _Deputy Sheriff_ of _Worcester_ County, _Massachusets_ (state).
3.  I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
    ☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _Pam Baribeault_ (name) _____ (title).
    ☐ other (describe) _____

Served at _11 C Street #10 Auburn, MA 01501_ (address)
in _Worcester_ County, _Massachusetts_ (state), on _6/29/15_ (date) at _10:39 AM_ (time).

_Gary Fontaine_                    _Gary Fontaine_
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Subscribed and Sworn** To me before this _1st_ (day) _July_ (month) _2015_ (year)
I am (check one) ☐ the clerk of the court of which affiant is an officer.

**CHELSEA E. KORP**
**Notary Public**
**Commonwealth of Massachusetts**
**My Commission Expires Nov. 14, 2019**

☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

_Chelsea E Korp    Notary Public_
Signature and Title

| Service Fees, if applicable | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) | |
| Total | $ _____ | |

See the following page for directions to clerk and to officer making return on service of summons.

Electronically Filed - City of St. Louis - July 10, 2015 - 05:46 PM

**COMMONWEALTH OF MASSACHUSETTS**

**COUNTY OF WORCESTER**                    **AFFIDAVIT OF SERVICE**

I, _Gary Fontaine_, being first duly sworn on oath deposes and

say: That I am a citizen of the United States over the age of 21 years; that I have no

interest whatsoever in the within entitles matter; that I am a regularly appointed Deputy

Sheriff of Worcester County, Massachusetts, and as such have the power to serve civil

process within the said County.

**Worcester County Sheriff's Office P.O. Box 1066 Worcester, MA 01613 (508) 752-1100**

6/30/2015

I hereby certify and return that on 6/29/2015 at 10:39 AM I served a true and attested copy of the SUMMONS OF PERSONAL SERVICE OUTSIDE OF THE STATE OF MISSOURI, PLAINTIFF'S MOTION FOR CLASS CERTIFICATION, JURY TRIAL DEMANDED, in this action in the following manner: To wit, by delivering in hand to PAM BARIBEAULT, , agent, person in charge at the time of service for MASTERMAN'S LLP DBA MASTERMAN'S at 11 C STREET #10 AUBURN, MA 01501 . Service Fee ($70.00) Attest ($5.00) Total: $75.00

Gary Fontaine
Deputy Sheriff

Date: _7/1/15_

Chelsea Korp / Notary Public
My Commission Expires November 14, 2019

Electronically Filed - City of St. Louis - July 10, 2015 - 05:56 PM



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>BRYAN L HETTENBACH | Case Number: 1522-CC09946 |
|---|---|
| Plaintiff/Petitioner:<br>CONNECTOR CASTING, INC.<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>STE A<br>CHESTERFIELD, MO 63005 |
| Defendant/Respondent:<br>MASTERMANS LLP | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  LISA MARIE NORKAITIS
Alias:

11 C STREET #10
AUBURN, MA 01501

32 CLARK STREET
SPENCER, MA 01562-2355

**COURT SEAL OF**

**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

June 22, 2015
_____
Date

*Thomas Kloeppinger*
Thomas Kloeppinger
Circuit Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _Deputy Sheriff_ of _Worcester_ County, _Massachusetts_ (state).
3. I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☒ other (describe) _served in hand to Pam Baribeault on behalf of Defendant._

Served at _11 C Street Auburn, MA 01501_ (address)
in _Worcester_ County, _Massachusetts_ (state), on _June 29, 2015_ (date) at _10:39 AM_ (time).

_Gary Fontaine_
Printed Name of Sheriff or Server

*Gary Fontaine*
Signature of Sheriff or Server

Subscribed and Sworn To me before this _1st_ (day) _July_ (month) _2015_ (year)

I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

**CHELSEA E. KORP**
Notary Public
Commonwealth of Massachusetts
My Commission Expires Nov. 14, 2019

*Chelsea E Korp   Notary Public*
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $ _____ per mile) |
| Total | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.

Electronically Filed - City of St. Louis - July 10, 2015 - 05:56 PM

**COMMONWEALTH OF MASSACHUSETTS**

**COUNTY OF WORCESTER**                   **AFFIDAVIT OF SERVICE**

I, *Gary Fontaine*, being first duly sworn on oath deposes and say: That I am a citizen of the United States over the age of 21 years; that I have no interest whatsoever in the within entitles matter; that I am a regularly appointed Deputy Sheriff of Worcester County, Massachusetts, and as such have the power to serve civil process within the said County.

**Worcester County Sheriff's Office P.O. Box 1066 Worcester, MA 01613 (508) 752-1100**

6/30/2015

I hereby certify and return that on 6/29/2015 at 10:39 AM I served a true and attested copy of the SUMMONS OF PERSONAL SERVICE OUTSIDE OF THE STATE OF MISSOURI, PLAINTIFF'S MOTION FOR CLASS CERTIFICATION, JURY TRIAL DEMANDED, in this action in the following manner: To wit, by delivering in hand to PAM BARIBEAULT, , agent, person in charge at the time of service for LISA MARIE NORKAITIS at MASTERMAN'S LLP DBA MASTERMAN'S 11 C STREET #10 AUBURN, MA 01501 . Service Fee ($30.00) Total: $30.00

Gary Fontaine
Deputy Sheriff

Date: 7/1/15

Chelsea Korp / Notary Public
My Commission Expires November 14, 2019