# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| CONNECTOR CASTINGS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | No. 4:15-CV-1154 JAR |
| v. | ) ) ) | |
| MASTERMAN'S LLP, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Masterman's LLP ("Masterman's") Motion to Stay. (Doc. No. 13) The motion is fully briefed and ready for disposition. After careful consideration, the Court will grant Masterman's motion.

Plaintiff Connector Castings, Inc. ("Connector Castings, Inc.") filed a putative class action complaint alleging that Masterman's violated the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act, 47 U.S.C. § 227 ("TCPA"), by faxing advertisements without a proper opt-out notice as required by 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii), i.e., the "Solicited Fax Rule." (Amended Complaint ("AC"), Doc. 15 at ¶¶ 19-20)

On October 30, 2014, the FCC issued an Order affirming that opt-out notices complying with the FCC's rules and regulations are required on all advertisements transmitted via facsimile, including advertisements transmitted with the prior express invitation or permission of the recipient. See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 29 FCC Rcd. 13998 (Oct. 30, 2014). Multiple parties then filed petitions

1

for review of this Order; these petitions, together with any further petitions for review of the FCC Order, have been consolidated in the U.S. Court of Appeals for the D.C. Circuit. See In re FCC 14-164, MCP No. 124 (J.P.M.L. Nov. 13, 2014). Because this action is based on an alleged violation of the Solicited Fax Rule, Masterman's requests this action be stayed until the U.S. Court of Appeals for the D.C. Circuit rules on the validity of this regulation.

Connector Castings opposes a stay on the grounds that Masterman's fails to meet the rigorous legal requirements for a stay based on developments that might occur at some later time in a case pending in another circuit to which Masterman's is not a party. In addition, Connector Castings asserts that it will be harmed by a stay because a decision from the D.C. Circuit might not occur for years, witnesses may no longer be locatable and because it has been unable to conduct any discovery.

In reply, Masterman's asserts that the duration of a stay is not a reasonable basis for its denial. With respect to Connector Castings' concerns regarding the loss of evidence or witnesses, Masterman's asserts this is not a case that will rely heavily on detailed witness testimony, and regardless, Masterman's recognizes its duty to preserve relevant information. Further, one of the purposes of a stay is to avoid expensive and potentially unnecessary discovery and litigation.

A ruling by the D.C. Circuit regarding the validity of the Solicited Fax Rule would be dispositive of Connector Castings' claims in this case. Thus, in the interests of reaching consistent results in similar junk fax cases, the Court will grant Masterman's motion to stay. Because a review of the pleadings indicates this case involves a single fax, the Court is not persuaded that Connector Castings will be unduly prejudiced by such a stay.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Masterman's LLP's Motion to Stay [13] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending the D.C. Circuit's resolution of the cases consolidated under Lead Case No. 14-1234.

**IT IS FURTHER ORDERED** that Masterman's shall advise the Court of the D.C. Circuit's decision within ten (10) days of its issuance.

**IT IS FINALLY ORDERED** that the Clerk of Court shall administratively close this matter.

*[signature]*

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 6th day of October, 2015.